EVAN S. COHEN (Bar # 119601)
ecohen@manifesto.com
S. MARTIN KELETI (Bar # 144208)
keleti@manifesto.com
COHEN AND COHEN
8340 Melrose Avenue
Los Angeles, California 90069-5420
(323) 655-4444 Telephone
(323) 655-3333 Facsimile

Attorneys for plaintiff
COSMETIC IDEAS, INC.

1 given copyright form

FILED
2009 FEB 19 PM 3:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ____

# United States District Court
# Central District of California

| | |
|---|---|
| COSMETIC IDEAS,INC., a California corporation, doing business as SWEET ROMANCE JEWELRY MFG., <br><br> Plaintiff, <br><br> *v*. <br><br> HSN, INC. a Delaware corporation; IAC/INTERACTIVECORP, a Delaware corporation; HSN LP, a Delaware limited partnership; HSN GENERAL PARTNER LLC, a Delaware limited liability company; HSN INTERACTIVE INC., a Delaware corporation; HSN INTERACTIVE LLC, a Delaware limited liability company; and DOE 1 through DOE 10, inclusive, <br><br> Defendants. | CV09-01215 RGK PLAx <br> Civil Case No. <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

## I

## SUBJECT MATTER JURISDICTION

1. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* For this claim, this court has subject matter jurisdiction over this action on the basis of federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## II

## PARTIES

2. Plaintiff Cosmetic Ideas, Inc., ("Sweet Romance") is a corporation organized and existing under the laws of the State of California, doing business as Sweet Romance Jewelry Mfg., and with respect to such fictitious business name, plaintiff has duly complied in all respects with the requirements of Sections 17910-17919 of the California Business and Professions Code. Sweet Romance's principal place of business is in the County of Los Angeles, State of California.

3. According to documents filed with the Securities and Exchange Commission, IAC/InterActiveCorp ("IACI") is a Delaware corporation publicly-traded corporation listed on NASDAQ under the ticker symbol IACI. IACI incorporated in Delaware under the name Silver King Broadcasting Company, Inc. ("Silver King"), as a subsidiary of Home Shopping Network, Inc. On December 28, 1992, Home Shopping Network, Inc. distributed the capital stock of Silver King to its stockholders. In December 1996, Silver King completed mergers, including one in which Home Shopping Network, Inc. become a subsidiary of Silver King; in connection with these mergers, the merged company changed its name to HSN, Inc. After purchases of other companies, the company was renamed USA Networks, Inc. The company changed its name to USA Interactive in May,

2002, to InterActiveCorp in June, 2003, and to IAC/InterActiveCorp in July, 2004. Plaintiff is informed and believes, and upon such information and belief alleges, IACI is the successor in interest to Home Shopping Network, Inc., a corporation organized and formerly existing under the laws of the State of Delaware, with its principal place of business in the State of Florida.

4. Defendant HSN, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida.

5. Defendant HSN LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida.

6. Defendant HSN General Partner LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida.

7. Defendant HSN Interactive Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida.

8. Defendant HSN Interactive LLC is a limited company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Florida.

9. Now or at all relevant times, the defendants named above own and operate (or did own and operate) one of the largest shop-at-home television networks in the nation (which defendants claim to be the fourth-largest cable network in the nation, reaching 90 million homes) and its affiliated internet website, HSN.com (which defendants claim ranks in the top 30 among the 500 biggest internet retailers). Defendants sell (or sold) name-brand products available through other distribution channels, as well as products whose brands are only available through defendants' distribution channels. Defendants have systematic and

continuous contacts with California, not only soliciting and receiving orders from numerous California consumers who figure prominently among a customer base that numbers in the millions, but one of their three fulfillment centers (which defendants maintain collectively employ a staff of approximately 2,000 and ship 53.5 million products per year) is located in Fontana, California, which is located in the Central District of California. At all relevant times (some time within the past three years) IACI owned two buildings in West Hollywood California, also located in the Central District of California, one of them housing its TicketMaster subsidiary, and another housing some of its other businesses, such as the website gifts.com, operated by subsidiary Giftco, Inc.

10. Plaintiff sues the defendants identified below as DOE 1 through DOE 10, inclusive, on the grounds that plaintiff is ignorant of the true names and capacities of those fictitiously named defendants. Plaintiff will seek leave to amend this complaint when the true names and capacities of those defendants are ascertained.

11. Each of the named defendants was the agent, employee, partner, joint venturer, or co-conspirator of each of the other defendants, and was at all times acting within the purpose and scope of said agency, employment, partnership, joint venture, and conspiracy, and each defendant has ratified and approved the acts of the remaining defendants.

12. All the defendants either existed at the time of infringement or have been formed since then and assumed the liabilities of their predecessors in interest, including some entities, such as Home Shopping Network, Inc., a Delaware corporation, which no longer exist after reorganization. Defendants have deliberately created a web of interlocking and constantly re-organizied entities with names similar to each other or changed from time to time in order to obscure the identity of the party or parties ultimately responsible for the acts of infringement alleged.

## III

## VENUE

13. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), in that a defendant or its agents resides or may be found in this district.

## IV

## GENERAL ALLEGATIONS

14. Sweet Romance is the author (as employer for hire of Shelley B. Cooper) of a costume jewelry design entitled "Lady Caroline Lorgnette" (the "Work"). The work is a pendant which features a single magnifying lens surrounded by an elaborate pattern of faux pearls and stones in metallic settings, attached to a chain whose lengths are punctuated by more pairings of faux pearls and stones and unadorned metal motifs. Photographs of the Work are attached as Exhibit A and incorporated by reference. The Work was created in 1997. Plaintiff began selling copies of the Work through ValueVision Media, Inc., one of defendants' competitors, in 1999. Plaintiff manufactures copies of the Work itself in its own factory in Gardena, California, and distributes the copies of the Work to jewelry stores and websites, such as Rank's Mercantile, Enchanted Kingdoms, and Victorian Trading Co., for up to $75; thousands of copies of the Work have been sold.

15. The Work contains material which is wholly original to its author and is copyrightable subject matter under the Constitution and laws of the United States.

16. On or about March 12, 2008, Sweet Romance submitted to the Register of Copyrights a completed application for registration, deposit copies, and the applicable fee in order to register the copyright to the Work. Attached as Exhibit B and incorporated by reference is a copy of the certificate of registration, No. VAu 970-933).

V

**FIRST CAUSE OF ACTION FOR**
**INFRINGEMENT OF COPYRIGHT**

(By Plaintiff against All Defendants)

17. Plaintiff realleges paragraphs 1 through 16 above, as if fully set forth.

18. One of defendants' show hosts is Colleen Lopez. Ms. Lopez sells a line of products, ranging from clothing, to exercise equipment, to food and assorted other items, although she has a particular affinity for jewelry.

19. Within the past three years, defendants began to manufacture and distribute copies of the Work, which they call "Colleen Lopez Magnifying Glass 37" Necklace" and identify by the item number 195-952 when selling it on their cable, satellite and broadcast television program and their internet website, at $39.95 plus a shipping and handling fee of $5.95. Photographs of defendants' infringing work from their website are attached as Exhibit C and incorporated by reference.

20. Defendants' work is virtually identical to the Work. Defendants' work differs from the Work in that it is available in two different color schemes. Defendants' work are cheap imitations manufactured in China, as a notation cast in the items and a tag attached to the clasp attest. Instead of all "stones" being made of Czech crystal, as Ms. Lopez represents in her presentation, many are appear to be plastic or other inferior materials. Plaintiff is informed and believes, and upon such information and belief alleges, that defendants' copies of the Work are not offered for sale for delivery to California because of the high concentration of lead, which runs afoul of California's strict environmental and safety regulations.

21. With respect to the Work, defendants' work is substantially similar in appearance, and the similarity is the result of copying. Defendants had access to plaintiff's design, not only because of plaintiff's successful marketing of the Work,

but because in or about 2003, Ms. Lopez acquired a copy of the Work; she was so pleased with the Work that she went to the trouble of finding the source of the work, because she was interested in having Sweet Romance produce items for defendants. Ms. Lopez and and Ms. Cooper entered into discussions for Sweet Romance to create and manufacture items for Ms. Lopez's line of jewelry sold by defendants. Ms. Cooper furnished Ms. Lopez with samples of items from Sweet Romance catalogs (other than the Work, which Ms. Lopez already had) and Ms. Cooper communicated with Ms. Lopez and her assistants through written correspondence, telephone calls, and e-mail messages. Those negotiations never came to fruition, because Sweet Romance wanted defendants to sell Sweet Romance's products under its own brand, rather than one of defendants' own brands. Defendants sell their infringing copies of the Work under the Colleen Lopez moniker, and the box in which they are packaged includes a logo of the stylized letters C and L.

22. Based on the foregoing facts, the acts of defendants constitute copyright infringement of the Composition pursuant to 17 U.S.C. § 501, in that defendants have infringed upon plaintiffs' exclusive right to manufacture and distribute copies embodying the Work.

23. Plaintiff previously filed suit in this court on this claim, Case No. CV-08 02074 R (Rzx), but the court dismissed it for lack of subject matter jurisdiction because the copyright in Work had not yet been registered. The statute of limitations was tolled, however, by the filing of the earlier action, and the filing date of this action relates back to March 27, 2008.

WHEREFORE, plaintiff prays as follows:

1. For an award of damages, the amount of which to be proven at trial, according to 17 U.S.C. § 504;

2. For costs of suit incurred; and

3. For such other and further relief as the court should deem just and proper.

Dated: February 19, 2009

COHEN AND COHEN

By: [signature]
S. MARTIN KELETI



enlarged to show detail



chain element detail



100% actual size

37" chain

N599
Lady Caroline Lorgnette
Cosmetic Ideas, Inc.

**EXHIBIT A**

# Certificate of Registration




This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Registration Number:**

VAu 970-933

**Effective date of registration:**

March 14, 2008

## Title

**Title of Work:** LADY CAROLINE LORGNETTE

**Nature of Work:** JEWELRY DESIGN

## Completion/ Publication

**Year of Completion:** 1997

## Author

- **Author:** COSMETIC IDEAS, INC., employer for hire of Shelley B. Cooper

  **Author Created:** Jewelry design

  **Work made for hire:** Yes

## Copyright claimant

**Copyright Claimant:** COSMETIC IDEAS, INC.

1341 West 130th Street, Gardena, CA 90247

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** S. MARTIN KELETI, authorized agent of COSMETIC DESIGNS, INC.

**Date:** March 6, 2008



**EXHIBIT B**

**IPN#:**

**Registration #:** VAU000970933

**Service Request #:** 1-57162511

S. Martin Keleti
8340 Melrose Ave.
Los Angeles, CA 90069-5420

**EXHIBIT B**



**EXHIBIT C**

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a jury trial.

Dated: February 19, 2009

COHEN AND COHEN

By: [signature]

S. MARTIN KELETI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

**CV09- 1215 RGK (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# United States District Court
# Central District of California

| | |
|---|---|
| COSMETIC IDEAS,INC., a California corporation, doing business as SWEET ROMANCE JEWELRY MFG., Plaintiff, v. HSN, INC. a Delaware corporation; IAC/INTERACTIVECORP, a Delaware corporation; HSN LP, a Delaware limited partnership; HSN GENERAL PARTNER LLC, a Delaware limited liability company; HSN INTERACTIVE INC., a Delaware corporation; HSN INTERACTIVE LLC, a Delaware limited liability company; and DOE 1 through DOE 10, inclusive, Defendants. | CASE NUMBER<br>CV-<br>CV09-01215 RGK PLAx<br><br>SUMMONS |

*To the above-named defendants:*

You are hereby summoned and required to file with this court and serve upon

Evan S. Cohen
S. Martin Keleti
COHEN AND COHEN

plaintiff's attorneys, whose address is:

8340 Melrose Avenue
Los Angeles, California 90069-5420

an answer to the complaint which is herewith served upon you within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

DATE: FEB 19 2009 CLERK, U.S. DISTRICT COURT

By: LA REE HORN
Deputy Clerk

[SEAL OF THE COURT]

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1192

SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
COSMETIC IDEAS, INC., a California corporation

**DEFENDANTS**
HSN, INC., a DE corp; IAC/INTERACTIVECORP, a DE corp; HSN LP, a DE LLP; HSN GENERAL PARTNER LLC, a DE LLC; HSN INTERACTIVE INC, a DE corp; HSN INTERACTIVE LLC, a DE LL

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
EVAN S. COHEN (State Bar # 119601) ecohen@manifesto.com
S. MARTIN KELETI (State Bar # 144208) keleti@manifesto.com
COHEN AND COHEN, 8340 Melrose Avenue, Los Angeles, CA 90069-5420 | 323.655.4444 Tel. | 323.655.3333 Fax

Attorneys (If Known)
William M. Merone (WMerone@kenyon.com), Erik Kane (EKane@kenyon.com), Edward Colbert (EColbert@kenyon.com) KENYON & KENYON LLP | 1500 K Street NW | Washington, DC 20005-1257
202.220.4270 Tel. | 202.220.4201 Fax

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☑ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright infringement, 17 U.S.C. 101 et. seq.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☑ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☑ Yes

If yes, list case number(s): CV-08 02074 R (Rzx)

**FOR OFFICE USE ONLY:** Case Number: ______



CV09-01215

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): CV-08 02074 R (Rzx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles County; San Bernardino County; State of Delaware; State of New York; State of Florida

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature] **Date** February 19, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |